UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRIAN-RICHARD VANWYCKHOUSE,

                                              Plaintiff,

    v.                                                      5:23-CV-101
                                                                    (MAD/ATB)

TESSY PLASTICS,

                                              Defendant.

---

BRIAN-RICHARD VANWYCKHOUSE, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

**DECISION and ORDER**

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff Brian-Richard Vanwyckhouse. (Complaint ("Compl."), Dkt. No. 1; Dkt. No. 2). Plaintiff has also filed a motion to appoint counsel (Dkt. No. 3), and a motion to obtain an ECF Login and Password (Dkt. No. 6).

**I.**     **IFP Application**

A review of plaintiff's IFP application shows that he declares that he is unable to pay the filing fee. (Dkt. No. 2). After reviewing his application, this court finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II. Complaint

Plaintiff is suing his former employer, Tessy Plastics,[1] for, among other things, employment discrimination under Title VII of the Civil Rights Act of 1964. (Compl. at 2). Plaintiff has included in the complaint a detailed explanation of his allegations, and the court refers to these submissions for additional facts regarding his claims. (Compl. at 3-5). Plaintiff has also attached the right-to-sue letter which he received from the Equal Employment Opportunity Commission ("EEOC"). (Compl. at CM/ECF p. 6-7). Upon review, the court finds that plaintiff's submissions are sufficient to order service of the complaint on Tessy Plastics.[2]

## III. Motion for Counsel

### A. Legal Standard

It is well-settled that there is no right to appointment of counsel in civil matters. *See, e.g., Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party. 28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel."). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives

---

[1] Plaintiff has identified Roland Beck as the "owner" of Tessy Plastics, however it does not appear that he intended to name Mr. Beck as an individual defendant in this action. (Compl. at 1; Dkt. No. 1-2). In any event, Mr. Beck would not be subject to individual liability in plaintiff's Title VII action. *See Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 61-62 (2d Cir. 2016) ("Title VII does not provide for individual liability."); *see also Caesar v. Riverbay Corp.*, No. 15-CV-8911, 2017 WL 6887597, at *4 n.7 (S.D.N.Y. Dec. 27, 2017) (holding that Title VII, the ADEA, and the ADA do not provide for individual liability).

[2] In making this recommendation, the court expresses no opinion as to whether plaintiff's claims against Tessy Plastics can withstand a properly filed dispositive motion.

3

society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Thus, appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Id.*, 877 F.2d at 172-173.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, No. 93-CV-1449 (TJM) 899 F. Supp. 972, 974 (N.D.N.Y. Oct. 16, 1995) (citing *Hodge*, 802 F.2d at 621).

**B.   Analysis**

The court finds that appointment of counsel is not warranted at this time.

4

Plaintiff has only just commenced this action, the defendant has not been served, and the only facts upon which the court may base its decision as to whether this lawsuit is of substance are the contentions stated in plaintiff's complaint. Because plaintiff has not provided evidence, as opposed to mere allegations, relating to his employment discrimination claims, he has failed to meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-CV-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

Plaintiff claims that he lacks the experience and "language" possessed by a lawyer, and that his right to a fair trial should not be "restricted to affordability." (Dkt. No. 3). However, the court notes that plaintiff was capable of preparing a complaint that sufficiently alleged his employment discrimination claim for purposes of initial review, and that he handled the filing of his claim through various administrative channels prior to bringing suit. (Compl. at CM/ECF pp. 5-6). Furthermore, in the event the defendant answers the complaint, a Mandatory Pretrial Scheduling Order shall issue, which will direct the exchange of initial disclosures and likely help plaintiffs frame the issues in the case and investigate the underlying facts without the immediate need for counsel.

The court does agree that if the case should proceed to trial, plaintiff may need assistance with preparing pretrial submissions, presenting his case, and questioning witnesses. If the action survives dispositive motions and proceeds to trial, plaintiff may re-apply for appointment of counsel, and the court will revisit the issue. This issue will be discussed at a pretrial conference, and the court would likely appoint counsel at that

time.

## IV. Motion to Obtain CM/ECF Login and Password

The court has reviewed plaintiff's request for permission to electronically file documents via CM/ECF. Because plaintiff has filed a certification as directed showing that he is in compliance with the court's requirements, permission is granted for plaintiff to participate in electronic case filing.  The Court may revoke these electronic filing privileges if it determines in its sole discretion that plaintiff's use of the system is not satisfactory.  Specifically, plaintiff's motion is granted under the following conditions:  (1) plaintiff may conduct CM/ECF filings only in this case; (2) plaintiff may not permit anyone else to utilize his PACER account; (3) plaintiff must comply with all N.D.N.Y. Local Rules, all Federal Rules, all General Orders of the N.D.N.Y., and all Court Orders, directives, and practices; and (4) plaintiff must comply with all directives issued by the Clerk of Court in connection with any filing on CM/ECF.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**.[3]  The Clerk shall issue a summons and forward it, along with a copy of the complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York and the Initial Discovery Protocols for Employment Discrimination Cases Alleging Adverse Action, to the United States Marshal for service upon the named defendant, and it is further

---

[3] The Court notes that although plaintiff's IFP application has been granted, plaintiff will still be required to pay fees that he may incur in the future regarding this action, including but not limited to copying and/or witness fees.

**ORDERED**, that a formal response to plaintiff's complaint be filed by the defendant or defendant's counsel as provided in the Federal Rules of Civil Procedure, subsequent to service of process on the defendant, and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 conference before me, and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**   Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with the Local Rules of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in her address; his failure to do so will result in the dismissal of this action**; and it is further

**ORDERED** that plaintiff's motion to electronically file documents via CM/ECF (Dkt. No. 6) is **GRANTED**.  The Clerk is directed to assign plaintiff an ECF login and password. **Plaintiff Is Advised That Any Violation Of Any Condition Or Any**

7

**Abuse Otherwise Of Participation In Electronic Case Filing Will Result In The Immediate Revocation Of Plaintiff Participating In Electronic Case Filing. Additionally, The Court May Revoke Plaintiff's Electronic Filing Privileges If It Determines In Its Sole Discretion That Plaintiff's Use Of The System Is Not Satisfactory;** and it is further

  **ORDERED** that plaintiff's motion to appoint counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE**, and it is further

  **ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

Dated: February 8, 2023

                  _Andrew T. Baxter_
                  Andrew T. Baxter
                  U.S. Magistrate Judge